IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>       Plaintiff, )<br>  )<br>   v. )<br>  )<br> MICHAEL JOSEPH WYNDER, )<br>  )<br>       Defendant. ) | Criminal Action No. 22-08 RGA |

### GOVERNMENT'S SENTENCING MEMORANDUM

The offense of conviction involves the unlawfully acquisition of firearms and is a serious crime.[1]  The United States recommends a sentence of incarceration within the Guidelines range of 18-24 months, which is warranted under 18 U.S.C. § 3553(a).

### 18 U.S.C. § 3553(a)

**Nature and Circumstance of the Offense**

The offense of conviction, Count 1, concerns the defendant's unlawful purchase of three firearms by making the false statement that he was a Delaware resident.  Under "relevant conduct," as that term is defined in U.S.S.G. § 1B1.3, the remaining counts of the Indictment bring the relevant total to 18 firearms. Revised Presentence Investigation Report (PSR) ¶ 35.

The defendant's relevant conduct also shows that he was not a gun collector. When interviewed by investigators, the defendant repeatedly contradicted himself in his deceptive attempt to convince them he still possessed the guns. PSR ¶¶ 19-21.  In fact, he was jobless and homeless, without the resources to buy guns for himself.  PSR ¶¶ 20-23.  Instead, he straw purchased and attempted to straw purchase the 18 firearms for a person(s) in New York and/or New Jersey.  In September of

---

[1] This Memorandum expressly incorporates Attachment A, which is filed under seal.  The government routinely files such an attachment, even though it may or may not contain additional information.

2021, the last of the defendant's six trips from New York City to Delaware to buy handguns, a gun dealer's sales clerk denied the defendant's attempted purchase of four firearms, suspecting a straw purchase because the defendant arrived in a car with New Jersey tags and none of his three companions entered the store.  When the clerk told the defendant the sale was delayed, he became irate and made a phone call. PSR ¶¶ 13-15.

The reasonable inference to be drawn from the record is that for financial profit the defendant straw purchased handguns, giving them to persons who lawfully are prohibited from possessing them.

**History and Characteristics of the Defendant**

The defendant has no criminal history but this is accounted for in the guidelines range of 18-24 months incarceration.

The defendant had a somewhat unstable youth but otherwise was not neglected or abused. When his mother was unable to care for him, he was fortunate to have a grandmother to fill that role. PSR ¶¶ 52, 53.   Moreover, the defendant committed his crime when he was 37 years old, far removed from the circumstances of his youth.

The defendant has the benefits of good physical health (PSR ¶¶ 58, 59) and an intellect no less than sufficient to obtain a GED. PSR ¶65.   He was enrolled in school but expelled in the tenth grade for too many unexcused absences. PSR ¶ 63.

He has a long history of being able to find work. PSR ¶¶ 67-74.   If he operates at any academic or socio-economic deficiency, it likely is the result of 20 years of daily marijuana abuse. PSR ¶ 61. His denial of cocaine use is belied by his four relevant positive urine screen tests while on supervision pending sentencing. PSR ¶¶ 62-63.

**The Need for the Sentence to Protect the Public from the Defendant**

The straw purchase of firearms contributes to gun violence.  Ironically, the defendant, who would flooded 18 handguns into the streets, himself was the victim of gun violence.  He was shot

2

twice while sitting in a car outside the home of a friend. PSR ¶ 59. That shooter likely was not in lawful possession of his gun.

The defendant, a straw purchaser of firearms, is a danger to the community. It deserves to be protected from him.

**The Need for the Sentence to Reflect the Seriousness of the Offense,**
**To Promote Respect for the Law, and To Provide Just Punishment.**

Straw purchasers of firearms contribute to black-market sales of them and frustrate the efforts of federal and state jurisdictions to keep guns out of the hands of those who would pose a danger to the community.   A sentence of incarceration in the applicable range of 18-24 months is necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment

**The Need for the Sentence to Provide Adequate Deterrence**

The lure of easy money drives many straw purchasers.  A guidelines sentence is warranted to deter others similarly situated to the defendant

**The Kinds of Sentences Available**

The defendant's failure to comply with his Conditions of Release by four times testing positive for cocaine and marijuana (PSR ¶ 63), informs on whether the defendant is amenable to supervision.

**Conclusion**

The government respectfully recommends a sentence of incarceration within the applicable range of 18 -24 months.

                                           DAVID C. WEISS
                                           United States Attorney

                                   By:  */s/ Edmond Falgowski*
                                       Edmond Falgowski
                                       Assistant United States Attorney

Dated:  November 29, 2022

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.  22-CR-08-RGA |
| | ) |
| MICHAEL JOSEPH WYNDER , | ) |
| | ) |
| Defendant. | ) |

I, Edmond Falgowski, Assistant United States Attorney, hereby certify that on November 29, 2022, I caused to be filed the foregoing GOVERNMENT'S SENTENCING MEMORANDUM AND SEALED ATTACHMENT A and caused two copies of said document to be delivered by Federal Express to counsel of record as follows:

Barry A. Weinstein, Esquire
888 Grand Concourse
Bronx, New York   10451


　　　　　　　　　　　　　　　　　　　　　/s/  Edmond Falgowski