LAW OFFICE
## BARRY A. WEINSTEIN, ESQ., P.C.
888 Grand Concourse
Bronx, New York 10451

bweinstein2248@gmail.com                  Tel:(718) 665-9000
                                                           Fax:(718) 665-9147

November 27, 2022

**VIA EMAIL**

Honorable Richard G. Andrews
United States District Judge
United States District Court
District of Delaware
Wilmington, Delaware 19801

         Re:     United States v. Michael Joseph Wynder
                     Docket No.22 Cr. 08 (RAG)

Dear Judge Andrews:

       I write this letter in connection with the defendant, Michael Joseph Wynder's (hereinafter Wynder) sentence, which is currently scheduled for Wednesday, December 7, 2022, at 2:00 p.m. Mr. Wynder surrendered to the United States Marshals on May 12, 2022, and has been at liberty since that date. For the reasons set forth hereinafter, we most respectfully request that the defendant be sentenced to a sentence outside (below) his guideline range of 18 to 24 months. We believe that such a sentence, is reasonable and appropriate.

       With the recent decisions of the United States Supreme Court invalidating the Sentencing Guidelines as a mandatory sentencing scheme, in *Booker/Fanfan,* and its progeny, this Court has the discretion to impose any sentence it deems appropriate in this case, while giving due consideration to the sentencing guidelines. Wynder is not subject to any mandatory minimum sentence. The only limitation upon the Court's sentencing discretion is that the sentence must be reasonable. The *Booker/Fanfan*, *Crosby* decisions refer the Court to Title 18 U.S.C. §3553(a), for a list of factors to be considered in making that determination. We believe that for the reasons set forth hereinafter, that a variance from the guidelines is warranted here.

**A. The defendant's background**

       Mr. Wynder is a 37 year old American Citizen, who was born in Yonkers, New York, to his parents, Michael and Charlean Jones Wynder. They divorced when Wynder was approximately 7 years old. His childhood was not an easy one. Although he loved his father, his father physically abused him and his mother. He still has a lump on his head from when his father slammed him against a wall. His father passed away at the age of 62 in 2016, due to a fall in a casino in Las

Honorable Richard G. Andrews
November 27, 2022
Page 2

Vegas. (PSR ¶¶ 50, 51). [1]

His mother was essentially a non factor in his upbringing due to her addiction to heroin. At 3 years old, he and his older brother Warren, Jr., moved in with their maternal grandmother, Joyce Jones. When he was 15, his mother "got clean," and he and his brother moved to Atlanta to live with her. Unfortunately, his mother relapsed after about two or three years causing he and his brother to move to Yonkers, New York to live with their grandmother. He was severly effected by the passing of his grandmother due to chronic pulmonary disease in 2013. (PSR ¶¶ 52, 53).

Upon the death of his grandmother, he resided with a cousin and then Brazil Hammond in Yonkers. He and Ms. Hammond have a daughter, Journei Lavai, who was born on December 14, 2016. After their daughter was born, they moved to 260 Christiana Road, Apartment V19, New Castle, Delaware. His "fresh start" did not last very long, and Wynder moved back to New York. Although he no longer lives with his daughter, he tries to see her as often as possible. (PSR ¶¶ 54, 55). Currnetly, his life unfortunately, has him living with his mother on a couch in a studio apartment, at 331 Saratoga Avenue, Apartment 3P, Brooklyn, New York, with his mother (PSR ¶ 56).

Wynder was shot in the thumb and leg which required several months of physical therapy. (PSR ¶ 59). Emotionally, he suffers from the scars of an abusive childhood, which include physical abuse from his father and his mother's heroin addiction. He believes he suffers from post-traumatic stress syndrome, although never professionally diagnosed as such. Wynder has been smoking marijuana on a regular and continuous basis for approximately 20 years. He asserts that it helps him cope with his issues of anxiety. Wynder admitted to me and to his pretrial officer that he began smoking marijuana in September, 2022, to try to relieve the stress and pressure he is under because of his pending sentence. There is no justification for that. (PSR ¶¶ 60, 61, 63).

Wynder has worked various jobs since he was a teenager beginning with Amazing Savings when he was 15 years old. He was then employed at Toys "R" Us during a holiday season, and a union job at Westchester Medical Center in New York for three and a half years. He was employed as a chef in his next series of jobs, at the New School of Music in Manhattan, cruise ships at Pier 38 in Manhattan, and even Yankee Stadium. For the past 2 years he has been employed at High Fliz, an exotic snack shop in the Bronx, New York. (PSR ¶¶ 67–73).

---

[1] All such references are to the pre-sentence report.

Honorable Richard G. Andrews
Novemberber 27, 2022
Page 3

**Defendant's role in the offense**

Wynder is the only defendant in this case. There is no justification for his actions. Having an abusive upbringing is also never an excuse for criminal activity. Buying one gun illegally is inexcusable. From April 2, 2021 to July 9, 2021, Wynder illegally purchased 14 handguns by claiming he was a lawful resident of Delaware. That of course was false, he moved from Delaware to New York prior to any purchases. He also attempted to purchase 4 handguns on September 18, 2021. Fortunately he was denied those purchases because the salesperson smelled marijuana on his breath. (PSR ¶ ¶ 11, 13).

**Sentencing recommendation**

There is not, nor can there ever be an excuse or reason for Wynder's criminal conduct.   He is genuinely and truly remorseful for his actions. He has seen the harm he has caused not only to society, but also to his family, most importantly, his young daughter, knowing he will be serving a prison sentence. What is most incomprehensible about this case is that Wynder's inexplicable actions and behavior led to his eventual arrest and subsequent guilty plea. He went to the storage facility where Ms. Hammond rented to keep her property, after she removed everything from that storage facility. Wynder asked to gain access to retrieve his 14 handguns. He knew his handguns were not there, and most likely were never there. That set in motion the investigation and queries made of the gunshops and his prior residence. I submit that Wynder's bizairre behavior can be attributed to his unsettled, non-professionally diagnosed psychological issues which have been haunting him since childhood.

Fortunately for Mr. Wynder, this Court has the power pursuant to Title 18 U.S.C. § 3553 (a), to evaluate, and sentence him, on a basis other than just the crime he committed. This Court's only limitation is that the sentence Your Honor imposes be reasonable and appropriate under all the facts and circumstances.

Thank you for your consideration and attention to in this matter.

Respectfully yours,

_____/s/_____
Barry A. Weinstein


cc:    AUSA Edmond Falgowski
       via email

USPO Ryan A. Shaw
via email